Lawrence H. Meuers, Esq.
(SBN: 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, Florida 34109
Tel: (239) 513-9191

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

*E-FILED - 5/10/05*

| | |
|---|---|
| C&R FRESH LLC, *et al.*, | Case No.: 5:05-cv-01458-RMW |
| Plaintiffs, | |
| vs. | PRELIMINARY INJUNCTION ORDER |
| JAVIER VAZQUEZ d/b/a LA ESPERANZA PRODUCE; *et al.*, | |
| Defendants. | |

Plaintiffs' Motion for Preliminary Injunction under the Federal Rules of Civil Procedure 65(a), came before this Court on Friday, April 29, 2005 at 9:00 a.m., after proper notice was issued. Counsel for the Plaintiffs appeared telephonically. Defendants failed to appear, despite having been properly served with notice of this hearing.

On or about April 11, 2005, Plaintiffs commenced the above entitled action against Javier Vazquez d/b/a La Esperanza and David B. Vazquez (collectively

referred to as the "Defendants"), seeking to enforce payment from the statutory trust imposed by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §499e(c)(2) ("PACA").  As part of their action, the Plaintiffs sought injunctive relief against the Defendants to enjoin and restrain them from violating the provisions of PACA and from dissipating assets subject to the PACA Trust.

On or about April 19, 2005, on behalf of Plaintiffs, the undersigned United States District Court Judge issued a Temporary Restraining Order enjoining Defendants, their counsel, agents, officers, assigns, or representatives from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of this Court.

This Court scheduled a hearing for entry of a Preliminary Injunction and ordered the Plaintiffs to serve a copy of the Temporary Restraining Order on the Defendants.

Plaintiffs have served copies of the TRO on all Defendants.

On Friday, April 29, 2005 at 9:00 a.m., the hearing on Plaintiffs' Motion for Preliminary Injunction came before this Court.

Based upon Plaintiffs' pleadings, the testimony and Affidavits, and the supporting documents, the Court finds that Defendant, Javier Vazquez d/b/a La

Preliminary Injunction Order                                                                                      Page 2

Esperanza, purchased $52,774.30 in perishable agricultural commodities in interstate commerce from Plaintiffs, that Plaintiffs provided Defendant Javier Vazquez d/b/a La Esperanza proper notice of intent to preserve trust benefits and that Defendant Javier Vazquez d/b/a La Esperanza failed to pay Plaintiffs for the perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c).

The Court further finds that Defendants Javier Vazquez d/b/a La Esperanza and David B. Vazquez have in fact dissipated the PACA trust by failing to maintain sufficient "freely available" assets to satisfy Plaintiffs' PACA trust claims.

Plaintiffs have established that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this order and the Court concludes that a Preliminary Injunction should be issued.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Javier Vazquez d/b/a La Esperanza and its agents, officers, subsidiaries, assigns, financial and banking institutions, and all persons in active concert or participation with them or who receive actual notice of this Order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of this Court.

Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Defendant Javier Vazquez d/b/a La Esperanza, including but not limited to any and all bank accounts at any and all financial institutions, including but not limited to those accounts at Wells Fargo Bank, unless the Defendant can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

2. Plaintiffs shall not be required to post a bond in view of the fact that Defendant Javier Vazquez d/b/a La Esperanza now holds $52,774.30 of PACA trust assets which belong to Plaintiffs and that this Order merely requires said Defendant to obey the requirements of the PACA.

3. Within 48 hours of the entry of this Order, the Defendant Javier Vazquez d/b/a La Esperanza shall assign all of its accounts receivable to Plaintiffs and deposit and/or deliver complete accounts, records and information of all of its accounts receivable to Plaintiffs' counsel subject to those accounts receivable being collected by Plaintiffs' counsel.

4. Defendant Javier Vazquez d/b/a La Esperanza shall endorse any checks made, endorsed or paid to it which are trust assets and which are in its possession or obtainable by it at the time of the entry of this Order, or which it

obtains or which become obtainable by it after entry of this Order, and deliver them, within 48 hours of receipt, to Plaintiffs' counsel to be held in trust pending further determination by this Court as to the distribution of those funds.

5. Defendants Javier Vazquez d/b/a La Esperanza and David B. Vazquez shall use their best efforts to cooperate with Plaintiffs in any action which Plaintiffs or their counsel may be required to take in collecting the accounts receivable or other trust assets, including any action at law or equity.

6. Immediately after the entry of this Order, Javier Vazquez and David B. Vazquez shall grant Plaintiff and its counsel, agents or employees, full, complete and continuing access to all of the books and records of Defendant Javier Vazquez d/b/a La Esperanza, which shall include but not be limited to tax returns, accounts, invoices, ledgers, computer runs, bank statements and canceled checks relating to Javier Vazquez d/b/a La Esperanza for the purpose of verifying the accounting as ordered by this Court.

7. This Order shall be binding upon Defendant Javier Vazquez d/b/a La Esperanza, and its officers (including Javier Vazquez and David B. Vazquez), agents, servants, employees, banking and financial institutions, attorneys and/or all other persons acting in concert or participating with it who receive actual notice of this Order.

8. This Order shall continue in full force and effect, except upon

1  further Order of this Court.

2      9.    This Court shall retain jurisdiction of this action to ensure complete compliance with the terms of this Order.

    **DONE AND ORDERED** in Chambers at San Jose, California this __6__ day of May, 2005.

                        /s/ Ronald M. Whyte
                        Ronald M. Whyte
                        United States District Court Judge